IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MYA HILL-SMITH**                                                                              **PLAINTIFF**

VS.                            CASE NO. 5:20-CV-5051

**SILVER DOLLAR CABARET, INC.,
PLATINUM CABARET, LLC, and
ANTHONY K. CATROPPA**                                                                    **DEFENDANTS**

OPINION AND ORDER

The Plaintiff in this matter, Mya Hill-Smith, has filed a Motion to Confirm Arbitration Award. (Doc. 2). The Defendants, Silver Dollar Cabaret, Inc., Platinum Cabaret, LLC, and Anthony K. Catroppa, sought and were granted three extensions of time to respond to Ms. Hill-Smith's Motion, see Docs. 7–11, but no response was ever filed. Having reviewed the Motion and the arbitrator's Partial Award (Doc. 2-1) and Final Award (Doc. 2-2), the Court **GRANTS** Plaintiff's Motion (Doc. 2).

Ms. Hill-Smith was employed by Silver Dollar Cabaret as a dancer. On October 2, 2017, she signed a Lease and Independent Contractor Agreement (the "Agreement") with Silver Dollar Cabaret and its directors and affiliates, which included an arbitration provision requiring the parties to arbitrate any dispute that might arise between them. See Doc. 2-3, ¶ 17. The Agreement established that "the place of arbitration will be Washington County, Arkansas" and that "[j]udgment on the award rendered by the arbitrators may be entered in any court having jurisdiction thereof." (Doc. 2-3, ¶ 17(H)). Ms. Hill-Smith subsequently brought suit in federal court against the same defendants named here and an additional defendant, Anthony F. Catroppa, alleging violations of the Fair Labor Standards Act ("FLSA") and Arkansas Minimum Wage Act ("AMWA"), but the

1

case was dismissed pursuant to the arbitration provision in the Agreement. See *Hill-Smith v. Silver Dollar Cabaret, Inc.*, 5:18-cv-05145-PKH (W.D. Ark. July 19, 2018).

Ms. Hill-Smith proceeded to arbitrate her wage-and-hour claims against respondents Silver Dollar Cabaret, Platinum Cabaret, Anthony K. Catroppa, and Anthony F. Catroppa.[1] In a Partial Award issued on October 24, 2019, an arbitrator from the American Arbitration Association ("AAA") determined that although the respondents classified Ms. Hill-Smith as an independent contractor, she was legally an employee for the purposes of the FLSA and the AMWA and entitled to receive minimum wage for all hours worked.[2] (Doc. 2-1, p. 4). The arbitrator further held that there was no evidence that the respondents were entitled to take a tip credit from the minimum wage, and Ms. Hill-Smith was owed $3,672.00 in unpaid wages. *Id.* The arbitrator awarded an equal amount in liquidated damages, finding the respondents had a "clear intent" to avoid paying the minimum wage by misclassifying Plaintiff as an independent contractor. *Id.*

The arbitrator also determined that despite a contractual provision to the contrary, Ms. Hill-Smith was entitled to have her attorneys' fees and the costs of the arbitration paid by the respondents. The arbitration provision in the Agreement stipulated that each party would bear its own fees and costs. *See* Doc. 2-3, ¶ 17(H). However, the arbitrator determined that such a requirement would prevent Plaintiff from vindicating her statutory rights under the FLSA and AMWA and ordered respondents to pay the costs of the

---

[1] Anthony F. Catroppa was ultimately excluded from individual liability for the remedies ordered because the arbitrator found that he did not manage either of the respondent companies. *See* Doc. 2-1, p. 5.

[2] There was a dispute as to whether the employer had sufficient involvement in interstate commerce for the FLSA to apply. The arbitrator did not resolve this issue because there was no dispute that the AMWA would apply to Ms. Hill-Smith as an employee, and she was therefore entitled to damages under state law.

2

arbitration and Ms. Hill-Smith's reasonable attorneys' fees. In a subsequent Final Award issued on January 28, 2020, the arbitrator awarded $14,056.99 in attorneys' fees and $300.00 in costs to Ms. Hill-Smith's attorneys. In addition, the award directs the respondents to pay the arbitrator's fees and expenses of $9,801.00 and the AAA's fees of $2,950.00. Ms. Hill-Smith now seeks to have this award by the arbitrator confirmed and judgment entered by this Court.

Section 9 of the Federal Arbitration Act ("FAA") provides that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . any party to the arbitration may apply to the court so specified for an order confirming the award . . . ." 9 U.S.C. § 9. When a party seeks such confirmation, "the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. *Id.* (emphasis added). Sections 10 and 11 allow a court to "address egregious departures from the parties' agreed-upon arbitration," including "corruption, fraud, evident partiality, misconduct, misbehavior, exceeding power, evident material miscalculation, evident material mistake, [and] awards upon a matter not submitted." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008) (internal quotation marks omitted and modifications adopted). These enumerated reasons are the only bases on which an arbitral award may be vacated. *Medicine Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 489 (8th Cir. 2010).

The Court finds that it has jurisdiction over this matter and is required to confirm the arbitrator's award and enter judgment. The Court has subject-matter jurisdiction because the dispute raises a substantial federal question under the FLSA and a corresponding state-law claim arising out of the same operative facts. Further, jurisdiction

is proper in this Court because the Agreement names Washington County, Arkansas as the place of arbitration and the harm alleged by Ms. Hill-Smith occurred in this district.

As to the substance of the award, the Court has reviewed the arbitrator's Partial Award and Final Award and sees no evidence of any basis to vacate or modify the decision of the arbitrator. Furthermore, Defendants had more than ninety days to make any argument to the Court regarding these factors and never did so. Therefore, the Court concludes that none of the statutory bases for vacating or modifying an arbitration award are present and the Court is bound by section 9 of the FAA to confirm the award. Judgment will enter reflecting the arbitrator's award.

Therefore, **IT IS ORDERED** that Plaintiff's Motion to Confirm Arbitration Award (Doc. 2) is **GRANTED**. Judgment will be filed contemporaneously with this Order.

**IT IS SO ORDERED** on this 8th day of July, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4